UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

State of Ohio,                                            Case No. 3:21-cr-554

              Plaintiff

    v.                                                ORDER OF REMAND

Lawrence K. Kohler,

              Defendant

On July 29, 2021, *pro se* Plaintiff Lawrence K. Kohler initiated this action by filing a Notice of Removal (Doc. No. 1) purporting to remove Case Number 2021CR0265 from the Wood County Court of Common Pleas ("Criminal Case"). For the reasons that follow, I remand this case to the Wood County Court of Common Pleas.

### I. BACKGROUND

According to the Wood County Court of Common Pleas docket sheet filed in this case, on June 10, 2021, Kohler was arraigned in the Wood County Court of Common Pleas on a charge of improperly handling firearms in a motor vehicle and carrying concealed weapons. (*See* Doc. No. 2). The Wood County Court set bond and scheduled the next hearing for July 30, 2021. (*Id.*). Kohler filed this Notice of Removal prior to this hearing.

Kohler filed a Notice of Removal under 28 U.S.C. §§ 1441 and 1446 (Doc. No. 1). Citing to 28 U.S.C. § 1331, Kohler asserts that this matter involves a controversy arising under the Constitution, laws, or treaties of the United States. (*Id.*). He states in his Notice that the State of Ohio has exceeded its jurisdiction and conspired "against the alleged defendant's right to Due

Process [and] the Second Amendment of the Bill [of] Rights right to bear arms and equal civil rights…." (*Id.* at 3). Kohler also identifies the charges against him, stating that he was "ticketed by the Wood County Sheriff's Department, Ohio for firearms violation and bound over to Bowling Green Municipal Court, Ohio." (*See* Doc. No. 1-1). He alleges the case was dismissed by the Bowling Green Municipal Court in March 2021, and in May 2021, the State of Ohio filed a True Bill Indictment in Wood County Court of Common Pleas. (*Id.*). He asserts that the Criminal Case "shall proceed no further unless the case should be remanded by order of the federal court." (*Id.*).

## II. DISCUSSION

*Pro se* pleadings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). This liberal construction applies to notices of removal. *See Ditech Fin., LLC v. Dyer*, No. 3:18-CV-00789-GNS, 2019 U.S. Dist. LEXIS, at *3 n.1 (W.D. Ky. Feb. 4, 2019).

There is a strong presumption against removal jurisdiction and, "[a]s with any removal statute, the defendant has the burden of establishing that removal is proper." *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989).

Kohler has filed his Notice of Removal under 28 U.S.C. §§ 1441 and 1446, which govern the removal of *civil actions*. Section 1441(a) provides that "any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (Emphasis added.). And § 1446 outlines the procedure for removal of *civil actions* and provides that "[a] defendant or defendants desiring to remove any civil action from a State court" must file "a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." (Emphasis added.). These statutes do not permit the removal of Kohler's Criminal Case.

A criminal defendant who wishes to remove a criminal prosecution from a state court must follow the procedure outlined in 28 U.S.C. § 1455. The defendant must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action." 28 U.S.C. § 1455(a). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). And "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). A notice of removal of a criminal prosecution does not prevent the state court from proceeding with its case. 28 U.S.C. § 1455(b)(3).

Even assuming Kohler filed his Notice under the appropriate statute and he has met the procedural requirements of § 1455, he has not established a cognizable basis for removal of his state court criminal case to this Court.

Section 1443 governs the limited substantive grounds upon which a state criminal action may be properly removed from state court to federal court. This statute provides that the following civil actions or criminal prosecutions may be removed: an action that is "(1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" or "(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443; *see also City of Greenwood v. Peacock*, 384 U.S. 808 (1966).

Removal of a state criminal case under § 1443(1) must satisfy two requirements.[1] First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.* (citing *City of Greenwood*, 384 U.S. at 825 (1966)). Further, a criminal defendant's claim that the law under which he is being prosecuted is vague or the prosecution is "a sham, corrupt, or without evidentiary basis" does not, standing alone, satisfy the requirements of § 1443(1). *Id.*

Second, "it must appear that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Johnson*, 421 U.S. at 219 (quoting *Georgia*, 384 U.S. at 803). This provision typically requires that "the denial be manifest in a formal expression of state law," *Georgia, supra*, such as a state legislative or constitutional provision. *Id.* at 799. Under this statute, "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood*, 384 U.S. at 828.

Here, Kohler does not allege the denial of civil rights on racial grounds under a federal equal rights law. Rather, he generically contends that the State of Ohio "conspired against [his] right to … equal civil rights." This statement is an insufficient ground for removal under § 1443. *See Johnson*, 421 U.S. at 219; *see also City of Greenwood*, 384 U.S. at 825. Nor does Kohler allege that he cannot enforce his purported federal rights within the context of the state court proceedings. *See Conrad*, 871 F.2d at

---

[1] Section 2 of this statute does not apply here because that section applies "only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 825. Kohler is not such a person as defined in this section and therefore not authorized to remove a criminal prosecution under 28 U.S.C. § 1443(2).


615 (citing *Johnson*, 421 U.S. at 219-220 and *City of Greenwood*, 384 U.S. at 828). Kohler has therefore failed to satisfy his burden to show that removal of his criminal case under § 1443 is proper.

Accordingly, liberally construing Kohler's Notice of Removal, the Notice does not contain allegations identifying cognizable substantive grounds under 28 U.S.C. §1443 for removal of the Criminal Case to federal court.

### III. CONCLUSION

For the foregoing reasons, I remand this matter to the Wood County Court of Common Pleas.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                            s/ Jeffrey J. Helmick
                                            United States District Judge